UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| VALERIE JOHNSON-PARKS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 09-1492 (RLW) |
| D.C. CHARTERED HEALTH PLAN, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I. Introduction and Background**

Plaintiff Valerie Johnson-Parks commenced this action against D.C. Chartered Health Plan under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C § 12101 *et seq*. Pl.'s Am. Compl. [Dkt. # 12]. According to the amended complaint, Plaintiff suffered from a back injury and had worked as a nurse for Defendant, for a time from her home, until she was fired. Am. Compl. ¶¶ 14–41. Plaintiff asserts four ADA claims: disparate treatment, a failure to accommodate, retaliation, and hostile work environment. *Id*. ¶¶ 45–84. The Court, per Judge Rosemary M. Collyer, partially dismissed this case, on May 25, 2010, concluding that Plaintiff failed to state a retaliation claim upon which relief could be granted. *See Johnson-Parks v. D.C. Chartered Health Plan*, 713 F. Supp. 2d 39, 46 (D.D.C. 2010).[1]

The Court reasoned that although Plaintiff had identified retaliation as a basis for discrimination in her filings with the Equal Opportunity Employment Commission ("EEOC"), the

---

[1] This judge renders her decision on this motion because it has been transferred to her by consent. *See* Mem. Op. [Dkt. # 30].

protected activity in which Plaintiff engaged that resulted in the alleged retaliation differed between that identified in EEOC filings and that identified in the amended complaint. *Id*. The Court therefore concluded that Plaintiff had not administratively exhausted the precise retaliation claim presented here. *Id.* Plaintiff now moves for reconsideration of that partial dismissal, *see* Pl.'s Mot. for Reconsideration [Dkt. # 27], arguing that when liberally interpreted and considered in light of new evidence produced during discovery, Plaintiff's EEOC filings do contain the same allegations of retaliation that form the basis of her retaliation claim in the amended complaint. Defendant opposes, arguing that Plaintiff's motion is untimely, unduly prejudicial if granted, and unsupported. *See* Def.'s Opp'n [Dkt. # 28]. After reconsideration, the motion will be granted.

## II. Legal Standard

An interlocutory order such as the Court's partial dismissal "may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). "[R]elief upon reconsideration of an interlocutory decision pursuant to Rule 54(b) is available 'as justice requires.'" *Estate of Botvin ex rel. Ellis v. Islamic Republic of Iran*, Civ. No. 05-220, 2011 WL 1097450, at *2 (D.D.C. Mar. 25, 2011) (quoting *Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000)). "'As justice requires' indicates concrete considerations of whether the court 'has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court.'" *Id.* (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)) (alteration in original).

Therefore, "[i]n general, a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: '(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order.'" *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008) (quoting *Keystone Tobacco Co., Inc. v. U.S. Tobacco Co.,* 217 F.R.D. 235, 237 (D.D.C. 2003)). However, the court's discretion to grant a Rule 54(b) motion is "limited by the law of the case doctrine and 'subject to the caveat that, where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Judicial Watch v. Dep't of the Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006) (quoting *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005)).

### III.  Analysis

The Court dismissed Plaintiff's retaliation claim for failure to exhaust administrative remedies because the Court concluded that Plaintiff had not pursued before the EEOC the same retaliation claim advanced in this case. In her Intake Questionnaire filed with the EEOC, Plaintiff alleged discriminatory retaliation "for a complaint on Karen Morris," her supervisor. *See* Def.'s Mot. to Dismiss [Dkt. # 13], [Ex. 2-A] Intake Questionnaire at 3. However in her amended complaint, Plaintiff complains of discriminatory retaliation for requesting a reasonable accommodation, *i.e.*, to be permitted to work from home. *See* Am. Compl. ¶¶ 65–75; *Johnson-Parks*, 713 F. Supp. 2d at 46. The Court thus reasoned that "[w]hile plaintiff's Intake Questionnaire identified retaliation as a basis for discrimination, the associated protected activity in her EEOC filing is not the same as that identified in the amended complaint." *Johnson-Parks*, 713 F. Supp. 2d at 46. The Court concluded "that the retaliation claim pled was not administratively exhausted and, therefore, it cannot be maintained here." *Id.*

Plaintiff's motion for reconsideration of the Court's ruling is timely and granting it would not unduly prejudice Defendant. On reconsideration, the Court concludes that it erred in not considering certain statements in Plaintiff's charge that show that she did exhaust the specific retaliation claim advanced in this case—a conclusion that is buttressed by new evidence produced during discovery. Plaintiff's retaliation claim will therefore be reinstated.

### A. The Motion is Both Timely and Not Unduly Prejudicial

Defendant argues that Plaintiff's motion is "belated" and that granting it "would be akin to permitting a post-discovery amendment to the Complaint," contrary to the Court's order that all motions to amend pleadings be filed by August 5, 2010. Def.'s Opp'n at 3. Defendant also argues undue prejudice. *Id.* at 2–3. These arguments are unpersuasive.

First, the motion is not belated. A district court may reconsider an interlocutory order "at *any time*" before final judgment of all claims for all parties is entered in a case. FED. R. CIV. P. 54(b) (emphasis added). It follows, then, that a motion for such reconsideration may also be made at any time within reason. Discovery closed in this case on February 7, 2011. *See* Minute Order Jan. 21, 2011. The instant motion, which is based in part on documents produced during discovery, was filed only four days later. On this record, Plaintiff's motion is reasonably timely.

Second, granting the motion would not be akin to permitting further amendment to the amended complaint. It would simply reinstate existing portions of the amended complaint. Defendant cites no authority to the contrary. To the extent that Plaintiff points to documents produced during discovery, those documents merely bolster Plaintiff's argument that an exhausted retaliation claim is already well pled in the complaint. Those documents do not themselves become

part of the complaint simply by virtue of the Court's consideration of them on this motion to reconsider.

Finally, even if the Court were to construe reconsideration of a dismissal as an amendment to a complaint, if justice requires such reconsideration, justice similarly requires such amendment. *See* FED. R. CIV. P. 15(a)(2) (permitting late amendments of pleadings "when justice requires"). Defendant is not prejudiced by the possibility of a short re-opening of discovery, if needed.

### B. Plaintiff's Retaliation Claim will be Reinstated

"Before bringing suit in federal court, ADA . . . plaintiffs . . . must exhaust their administrative remedies by filing an EEOC charge and giving that agency a chance to act on it." *Ellis v. Georgetown Univ. Hosp.*, 631 F. Supp. 2d 71, 75 (D.D.C. 2009) (citing 42 U.S.C. § 12117(a)). The issue on reconsideration is whether Plaintiff included a claim of retaliation for requesting and, for a time receiving, a work-from-home accommodation for her disability, as opposed to a claim of retaliation only for making complaints about her supervisor.

"[T]he law does not hold an employee to the use of magic words to make out a proper discrimination charge." *Maryland v. Sodexho, Inc.*, 474 F. Supp. 2d 160, 162 (D.D.C. 2007). Instead, a plaintiff must only "alert the EEOC and the charged employer with the nature of the alleged wrongdoing." *Id.* When examining whether the EEOC and the charged employer have been adequately alerted, the Court considers, *inter alia*, whether the claim is "'like or reasonably related to the allegations of the charge and growing out of such allegations,'" *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (quoting *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)), and "arise[s] from 'the administrative investigation that can reasonably be expected to follow

the charge of discrimination,'" *id.* (quoting *Chisholm v. U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981)).

Here, on the documents characterized by Defendant as the "underlying administrative Charge" that were sent from the EEOC to Defendant, the box labeled "Retaliation" was not checked. *See* Def.'s Mot. to Dismiss [Dkt. # 13], [Ex. 1-A] Notice of Charge of Discrimination. Defendant therefore argues that retaliation was not included in the charge to the EEOC. *See* Def.'s Opp'n at 4–5. But Defendant also conciliatorily recognizes that "[i]n making its decision in this case, . . . the Court looked beyond the face of the charge itself to the informal Intake Questionnaire used by the EEOC as a first step in its administrative filing process." *Id.* at 5; *see also Johnson-Parks*, 713 F. Supp. 2d at 45–46. The Court declines Defendant's suggestion that it should now take a narrower view of the "charge" in this case.

Looking again to Plaintiff's Intake Questionnaire, the Court notes that Plaintiff did check the box to indicate that she was alleging retaliation and she specified that such retaliation allegedly occurred because she made a "complaint on Karen Morris." Intake Questionnaire at 3. Defendant argues that "this Court correctly held that as the scope of Count III, alleging retaliation, exceeded the scope of the administrative Charge, it was not administratively exhausted." Def.'s Opp'n at 5. However, when Plaintiff explained her claim more fully elsewhere on the Intake Questionnaire, she alleged that Ms. Morris "did not want me to work from home." Intake Questionnaire at 3. Instead, Ms. Morris requested "that I come in the office or be terminated"; purposefully conveyed "wrong information" to another doctor "to blame me for an unsafe discharge" of a patient as a pretext for discriminatory termination; "treated me with disrespect during case rounds" because she disapproved of Plaintiff working from home; and continually pressured Plaintiff

to cease working from home "until I was terminated." *Id.* at 3, 6. In short, Plaintiff's employer "wanted me to return to working in the office or to be terminated." *Id.* at 3.

In light of the liberal interpretation of the charge commanded by *Park*, 71 F.3d at 907, it is clear that these allegations go beyond a claim ostensibly limited to retaliation for making complaints about Ms. Morris; they reach a claim of retaliation for Plaintiff's requesting (and for a time receiving) a work-from-home accommodation. The retaliation claim alleged in this suit is reasonably related to the allegations of the charge and grows out of such allegations, and the ensuing administrative investigation could be reasonably expected to address it.

This conclusion is buttressed by new documents disclosed during discovery that were part of the EEOC's investigative file. They support the theory that Plaintiff was discriminatorily terminated because her employer "did not want me to have work at home accommodations"—and they show that the EEOC was presented with that theory during its investigation. *See* Pl.'s Mot. for Reconsideration [Dkt. # 27], [Ex. A-1] EEOC Investigative File at FOIA-0011. As Defendant correctly points out, Def.'s Opp'n at 4, it is true that a "court cannot allow liberal interpretation of an administrative charge to permit a litigant to bypass the . . . administrative process." *Park*, 71 F.3d at 907. But the Court's interpretation here does not serve to grant such permission. The Court merely recognizes that Plaintiff *did* present the same retaliation claim alleged in this case in its charge to the EEOC. This conclusion does not permit Plaintiff to bypass the administrative process, but recognizes that she did, in fact, participate in it.

### IV. Conclusion

Because Plaintiff's motion for reconsideration is timely, because granting that motion would not be unduly prejudicial to Defendant, because the Court erroneously failed to consider

information included in Plaintiff's charge indicating that she had administratively exhausted the retaliation claim she alleges in this case, and because that conclusion is buttressed by new documentary evidence produced during discovery, Plaintiff's motion for reconsideration [Dkt. # 27] will be granted. Accordingly, Plaintiff's retaliation claim, Count III of the amended complaint, will be reinstated. A memorializing Order accompanies this Memorandum Opinion.


Date: August 31, 2011                                    /s/
                                              ROSEMARY M. COLLYER
                                              United States District Judge