SUMMARY MEMORANDUM OPINION
NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| VALERIE JOHNSON-PARKS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 09-1492 (RLW) |
| D.C. CHARTERED HEALTH PLAN, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**[1]

This matter is before the Court on the Motion to Clarify (Dkt. No. 50) of Defendant, D.C. Chartered Health Plan ("Chartered").

In *Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 806 (1999), the Supreme Court held that "an ADA [Americans with Disabilities Act] plaintiff cannot simply ignore the apparent contradiction that arises out of the earlier SSDI total disability claim. Rather, she must proffer a sufficient explanation." Accordingly, the Court explained that

> When faced with a plaintiff's previous sworn statement asserting "total disability" or the like, the court should require an explanation of any apparent inconsistency

---

[1] This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or alternatively, to assist in any potential future analysis of the *res judicata*, law of the case, or preclusive effect of the ruling. The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel. *Cf.* Fed. R. App. P. 32.1. Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition." D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

> with the necessary elements of an ADA claim. To defeat summary judgment, that explanation must be sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good-faith belief in, the earlier statement, the plaintiff could nonetheless "perform the essential functions" of her job, with or without "reasonable accommodation."

*Id*. at 807. *Accord*, *Solomon v. Vilsack,* 628 F.3d 555, 562-63 (D.C. Cir. 2010).

In this case, the undisputed facts show that Plaintiff applied for Social Security disability benefits and was established as totally disabled as of February 1, 2006. Dkt. No. 35 at 20-21; Dkt. No. 36-1 at 15-16. In support of her disability application, the undisputed evidence is that Plaintiff's physician submitted a report in June 2006 stating that Plaintiff was not able to work in any capacity and that an independent physician submitted a report in August 2006 stating that it was not realistic to believe that Plaintiff could perform any work-related activities. Dkt. No. 35 at 20-21; Dkt. No. 36-1 at 15-16. In response to Defendant's motion for summary judgment, based upon this total disability finding and these undisputed facts, Plaintiff did not present any evidence that she could perform the essential functions of her job after February 1, 2006. Instead, the Plaintiff argues that Defendant "[has] not presented evidence that her medical condition could not be accommodated" after February 1, 2006 (Dkt. No. 51 at 4), but that assertion, even if accurate, is largely irrelevant. The crucial point is whether Plaintiff has met her evidentiary burden as required by the holding of *Cleveland*. She has not done so. The evidence that Plaintiff may have earned wages for a few months performing unspecified duties at some other job with some other employer after her termination from Chartered is not sufficient to show that she could still perform the essential duties of her job at Chartered after February 1, 2006. In addition, the medical evidence cited by Plaintiff from October 2005 is not sufficient to raise an issue of material fact, because that evidence does nothing to explain the "apparent

inconsistency" with the total disability finding as of February 1, 2006 and the medical evidence that was submitted to support that finding.

Accordingly, Defendant is entitled to partial summary judgment limiting Plaintiff's damages to no more than four months after her October 2005 termination, due to her failure to establish that after February 1, 2006, she could continue to perform the essential elements of her prior position with Chartered, with or without reasonable accommodation. Therefore, the Defendant's Motion to Clarify (Dkt. No. 50) is **GRANTED** as to these grounds. In all other respects, the motion is **DENIED**.

**SO ORDERED.**

DATE: April 5, 2013                    ROBERT L. WILKINS
                                       United States District Judge